# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LENORA DAVIS, an individual, and | ) | |
| AMALGAMATED TRANSIT UNION, | ) | |
| LOCAL 892, a Labor Organization | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 04-CV-226-JHP-SAJ |
| | ) | |
| METROPOLITAN TRANSIT AUTHORITY, | ) | |
| a Public Trust, DORAN BARNES and | ) | |
| MICHAEL COLBERT, in their individual | ) | |
| and official capacities | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## ORDER:

Now before the Court is the Plaintiff's Motion to Disqualify Counsel, Motion for a

Protective Order, and Motion to Exclude Evidence obtained through ex parte communications

(collectively docket number 70), the Defendants' Response, and the Plaintiff's reply.  After

conducting a hearing on this matter May 26, 2005, the Court ordered the parties to supplement

their Motions by the close of business on June 2, 2005.  The supplemental briefs have been

submitted for the Court's review; thus, the motion is now at issue.  For the reasons stated herein,

the Plaintiffs' motion is hereby DENIED.

## FACTS:

Charles Deemer served as the Secretary-Treasure of the Amalgamated Transit Union,

Local 892 (the "Plaintiff") from July 1, 2002 until January 30, 2003.  Mr. Deemer served in that

position at all times relevant to this cause of action.  Mr. Deemer, as a result of alleged embezzlement from the Plaintiff, was forced to resign from his position with the Union.  The alleged embezzlement resulted in the Tulsa County District Attorney filing criminal charges against Mr. Deemer in the Tulsa County District Court.

After the filing of the criminal charges against Mr. Deemer, he contacted Stephen Andrew from the Tulsa law firm of Andrew, Williams & Ikenberry for assistance in the criminal proceedings he was facing.  Mr. Andrew represented Mr. Deemer in the initial interview with a detective from the Tulsa Police Department before helping Mr. Deemer secure counsel to represent him throughout the criminal action.  The criminal action that was filed was ultimately dismissed by the State with costs awarded to the State.

Mr. Deemer, sometime during the pendency of this lawsuit, communicated with Mr. Andrew concerning matters that are relevant to the subject of this litigation.  During the communication, Mr. Deemer delivered a file that he maintained on the President of the Union, Lenora Davis–also a Plaintiff in this action.  Thereafter, the Defendant moved the Court for the opportunity to amend its response to the Plaintiff's partial motion for summary judgment, which was granted.  In the amended response, the Defendant included many of the documents that were contained in the file in addition to an affidavit from Mr. Deemer himself.

The Plaintiff never received notice of the communication between Mr. Deemer and Mr. Andrew.  As a result of the communication and the lack of notice to the Plaintiff, the Plaintiffs allege that Mr. Andrew is in violation of Rule 4.2 of the Rules of Professional Responsibility.  As a sanction for violating the Rule, Plaintiff suggests that Mr. Andrew and his law firm should be removed from this case, that the evidence obtained from Mr. Deemer be excluded from any

further proceedings, and that a protective order should be issued.

**DISCUSSION:**

Rule 4.2 of the Oklahoma Rules of Professional Responsibility provides, "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."  5 Okla. Stat. App. 3-A, § 4.2.  The Comments to the Rule provide:

> In the case of an organization, this Rule prohibits communications by a lawyer for another person or entity concerning the matter in representation with person having managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil liability or whose statement may constitute an admission on the part of the organization.

*See id.*  In *Fulton v. Lane*, 829 P.2d 959, 960 (Okla. 1992), the Oklahoma Supreme Court held that "Rule 4.2 applies to only those employees who have the legal authority to bind a corporation in a legal evidentiary sense, i.e., those employees who have 'speaking authority' for the corporation."  Thus, a violation of the Rule requires three specific actions to have occurred: 1) there must have been an ex part communication; 2) the ex parte communication must have been with someone who has "speaking authority" for the corporation; and 3) the communication must have concerned the subject matter of this case.  *See e.g. Weeks v. Ind. Sch. Dist. No. I-89*, 230 F.3d 1201, 1209 (10th Cir. 2000).

In this case, the parties do not dispute the first and third inquiries that there was an ex parte communication between Mr. Deemer and Mr. Andrew and that the communication concerned the subject matter of this case.  Rather, the focus of the inquiry here is whether or not

3

Mr. Deemer has "speaking authority" on behalf of the Plaintiff, such that notification and permission of Plaintiff's counsel were necessary before any communication occurred.  *See id.*

There is no dispute between the parties that Mr. Deemer is no longer associated with the Plaintiff.  In that sense, Mr. Deemer is analogous to a former employee.  The Oklahoma Supreme Court in *Fulton*, established that former employees are not included within the scope of Rule 4.2.  *See Fulton*, 829 P.2d at 960.  Specifically, the Court noted, "Because former employees may not speak for or bind the corporation, ex parte communications with former employees are not prohibited."  *Id.*  Furthermore, the facts surrounding Mr. Deemer's removal as an officer for the Plaintiff and the subsequent, though seemingly short-lived, representation by Mr. Andrew certainly clouds the inquiry.  The clear wording of the Rule, that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter," causes a conflict with the factual scenario in this case.  5 Okla. Stat. App. 3-A, § 4.2.  Due to the subsequent representation by Mr. Andrew of Mr. Deemer and Mr. Deemer's removal from the Union, there is at least some question as to who represents Mr. Deemer in the case now before the Court.  Nevertheless, because Mr. Deemer is a former officer, and no longer holds any position with the Plaintiff, he does not maintain "speaking authority" on behalf of the Plaintiff.  *See Fulton*, 829 P.2d at 960.

## CONCLUSION:

Therefore, the Plaintiff's motion to exclude Mr. Andrew and his law firm from representing the Defendant, motion for a protective order, and motion to exclude evidence are hereby DENIED.  The ex parte communication that occurred between Mr. Andrew and Mr. Deemer was not in violation of Rule 4.2 of the Oklahoma Rules of Professional Conduct, as Mr.

Deemer does not have "speaking authority" on behalf of the Plaintiff.


IT IS SO ORDERED this 17th day of June 2005.


James H. Payne
United States District Judge
Northern District of Oklahoma

5