# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LENORA DAVIS, an individual, and<br>AMALGAMATED TRANSIT UNION,<br>LOCAL 892, a Labor Organization | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 04-CV-226-JHP-SAJ |
| | ) | |
| METROPOLITAN TRANSIT AUTHORITY,<br>a Public Trust, DORAN BARNES and<br>MICHAEL COLBERT, in their individual<br>and official capacities | ) ) ) ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## ORDER:

Now before the Court is the question of jurisdiction over the Plaintiffs' cause of action

seeking enforcement of the arbitration award.  "Because 'lack of federal jurisdiction cannot be

waived or overcome by an agreement of the parties,'" the Court must be satisfied that subject

matter jurisdiction exists for the cause of action.  *Estate of Harshman v. Jackson Hole Mtn.*

*Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004).  In accordance with the law and the limited

power of the federal courts, the Court on its own motion hereby declines to exercise

supplemental jurisdiction and dismisses the state law cause of action.

Under Federal Law, "the district courts shall have supplemental jurisdiction over all other

claims that are so related to claims in the action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution."  28

U.S.C. § 1367(a).  To satisfy the Article III requirement, "[t]he state and federal claims must derive from a common nucleus of operative fact."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).  Moreover, if the claims were to be "considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding."  *Id.*  "Even where a 'common nucleus of operative fact' exists," the Tenth Circuit holds, "federal jurisdiction is not mandatory over pendent claims or parties."  *Harshman*, 379 F.3d at 1165.  The exercising of supplemental jurisdiction is "not a matter of the litigants' right, but of judicial discretion."  *Id.* (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997); *Gibbs*, 383 U.S. at 726).

In this case, the Plaintiffs bring four separate causes of action.  The first three fall under the United States Constitution for the alleged violation of the Plaintiffs' First and Fourteenth Amendment rights.  Those claims certainly allow for subject matter jurisdiction in this Court as they fall under the scope of Federal question jurisdiction.  28 U.S.C. § 1331.  The fourth cause of action, however, falls solely under the law of the state of Oklahoma.  Specifically, the fourth cause of action concerns the enforceability of an arbitration award under the Oklahoma common law as there is no federal or state statutory enactment controlling.  Thus, there are no grounds for the Court to exercise original jurisdiction over this cause of action.  Instead, the Court's jurisdiction must be established by satisfaction of the requirements found in 28 U.S.C. § 1367.

As stated previously, the state law cause of action must arise from a "common nucleus of operative fact" with the federal claims for supplemental jurisdiction to be properly asserted.  In this case, the causes of action fail this requirement.  The constitutional violations concern the Defendant's actions in response to the Plaintiffs' assertion of their First and Fourteenth

Amendment rights.  In those causes of action, the evidence and material facts will consist of what occurred, why, and how it violated the Constitutional rights of the Plaintiffs.  Conversely, the enforcement action will be several steps removed from the alleged constitutional violations.  In the enforcement action, the evidence will focus on contractual issues surrounding the arbitration itself, not the reasons why the arbitration occurred in the first place.  Therefore, the state cause of action is wholly different from that of the federal causes of action and for this Court to exercise supplemental jurisdiction would be inappropriate.

Furthermore, even if the state cause of action was a part of a "common nucleus of operative fact" with the federal actions, this Court would decline jurisdiction based upon its discretion to do so under § 1367(c)(1).  That section allows the Court to decline to exercise supplemental jurisdiction when the "claim raises a novel or complex issue of State law."  28 U.S.C. § 1367(c)(1).  In this case, the cause of action under state law concerns the enforceability of an arbitration award.  The Defendant, in its response to summary judgment, cites three cases that hold mandatory, binding arbitration of future disputes is a violation of the public policy of the state of Oklahoma and is therefore voidable at any time before an award is made.  *See Wilson v. Gregg*, 255 P.2d 517, 520 (Okla. 1953) (concerning an arbitration requirement in a partnership agreement); *Boughton v. Farmers Ins. Exchange*, 354 P.2d 1085, 1089 (Okla. 1960) (concerning an arbitration requirement in an auto insurance policy); *Rollings v. Thermodyne Ind., Inc.*, 910 P.2d 1030, 1034 (Okla. 1996) (concerning an arbitration requirement in a manufacturing agreement).  However, none of the cases cited by the Defendant address the enforceability of an arbitration clause when contained in a collective bargaining agreement.  Because of the unique characteristics of collective bargaining and the lack of authority on the issue, it is certainly an

issue that is both novel and complex.  Therefore, even if the state cause of action arose from the same case or controversy as required by statute, the Court, in its discretion, refuses to exercise supplemental jurisdiction over the action as it presents a novel and complex issue of State law. *See* 28 U.S.C. § 1367(c)(1).

For the reasons stated herein, the Plaintiffs' cause of action to enforce the arbitration award is hereby DISMISSED WITHOUT PREJUDICE as this Court does not have subject matter jurisdiction over the state law action.

IT IS SO ORDERED this 23rd day of June 2005

James H. Payne
United States District Judge
Northern District of Oklahoma

4